IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :        CASE NO. 07-00964 (ESL)
                                                    :
JOSUE HERNANDEZ FIGUEROA                             :        CHAPTER 13
_____           :

OPINION AND ORDER

Before this court is the *Motion to Dismiss* (the "*Motion to Dismiss*", Docket No. 42) filed by the Chapter 13 Trustee (the "Trustee") claiming that Debtor is in material default with respect to the terms of the confirmed plan. Debtor filed his *Answer to Trustee's Motion to Dismiss* (Docket No. 43) alleging that he became unemployed and his ability to fund the confirmed plan has been hampered. For the reasons stated below, the Trustee's *Motion to Dismiss* is hereby granted.

Procedural Background

Debtor filed a Voluntary Chapter 13 Petition with its schedules, statements of financial affairs and documents of current monthly and disposable income on February 27, 2007 (Docket No. 1). On that same date, Debtor also filed a proposed *Chapter 13 Payment Plan* (Docket No. 4) which provided for 60 monthly payments of $380.00 to the Trustee and adequate protection payments to Reliable Financial Services ("Reliable") in the amount of $75.00 for months 3 through 11 and $118.05 for month 12. The meeting of creditors was held and closed on March 2, 2007.

The Trustee subsequently objected the confirmation of the plan because it failed to provide adequate protection to secured creditors (Docket No. 12). On March 26, 2007, Debtor filed an *Amended Chapter 13 Plan* (Docket No. 13), which the Trustee recommended on March 27, 2007 (Docket No. 14). On May 2, 2007, the Court entered the *Order Confirming Plan* (Docket No. 16).

On April 26, 2007, Debtor field an a request for post-confirmation modification that included an *Amended Plan* (Docket No. 13) to include certain payments to Reliable. The Trustee favorably recommended the same on April 27, 2007 (Docket No. 14) and on May 2, 2007 the request was granted (Docket No. 16).

On August 21, 2007, the Trustee filed a *Motion to Dismiss* (Docket No. 18) under 11 U.S.C. § 1307(c) asserting that Debtor had failed to make payments on the confirmed plan and for unreasonable delay prejudicial to creditors. On September 5, 2007, Debtor filed an *Answer* to the Trustee's *Motion to Dismiss* (Docket No. 20) acknowledging that he had been unable to make the

timely payments because of unforseen medical expenditures. In order to remedy the defaulted payments, Debtor submitted a post-confirmation modified plan that rearranged the payment schedule (Docket No. 19). No objections to that proposed *Amended Plan* were filed and on September 19, 2007, the court entered an *Order* confirming it (Docket No. 22).

On May 25, 2010, the Trustee filed a second *Motion to Dismiss* (Docket No. 25) under 11 U.S.C. § 1307(c) claiming once again that Debtor had failed to make the payments of the latest confirmed plan and for unreasonable delay prejudicial to creditors. On June 23, 2010, Debtor filed his *Answer* to that *Motion to Dismiss* (Docket No. 29) recognizing that he had been unable to make the timely payments because he had become temporarily unemployed, but also alleging that the situation had been surmounted. To remedy the defaulted payments, Debtor submitted another post-confirmation modified plan on June 18, 2010 that readjusted the payments schedules (Docket No. 27). Meanwhile, on June 30, 2010, Reliable filed a *Motion Requesting Dismissal* (Docket No. 30) claiming that Debtor was in default on his direct payments for his motor vehicle, to which Debtor replied on July 23, 2010 (Docket No. 31) repeating the same arguments included in his *Answer* to the Trustee's *Motion to Dismiss*. On July 27, 2010, the court issued an *Order & Notice* (Docket No. 32) scheduling a hearing for September 8, 2010 to consider the Post Confirmation Modification of Plan (Docket No. 27), the Trustee's *Motion to Dismiss* (Docket No. 29), Reliable's *Motion Requesting Dismissal* (Docket No. 30) and Debtor's *Reply* thereto (Docket No. 31). On July 28, 2010, the Trustee filed an *Unfavorable Report on Proposed Post Confirmation Plan Modification* (Docket No. 33) claiming that the latest proposed amended plan was insufficiently funded and unfeasible and that Debtor was had again defaulted payments to the Trustee. On September 6, 2011, Debtor filed an *Amended Schedule I & J* to reflect his current income and expenditures (Docket No. 35). On September 8, 2010, the hearing was held, oral amendments to latest the proposed plan were informed by Debtor and consequently, the Trustee and Reliable withdrew their respective motions to dismiss. See Docket No. 36 (*Minute Entry*). The request for a post confirmation modification of the plan dated June 6, 2010 (Docket No. 27), as orally amended, was granted. The modified plan provided for no payments during six (6) months.

On December 28, 2010, Reliable filed another *Motion Requesting Dismissal* (Docket No. 38)

alleging that Debtor defaulted his payments on his motor vehicle.  On January 31, 2011 Debtor filed his *Reply* thereto (Docket No. 39) contesting the alleged default and affirming that contrary to Reliable's allegations, he was in substantial compliance with payments.  On February 1, 2011, the court granted Debtor's *Reply* (Docket No. 40).

On July 12, 2011, the Trustee filed his third *Motion to Dismiss* (Docket No. 42) under 11 U.S.C. § 1307(c) alleging that Debtor had again defaulted payments of the confirmed plan and for unreasonable delay prejudicial to creditors.  On August 15, 2011, Debtor filed his *Answer* thereto (Docket No. 43) claiming that he had become unemployed on May 29, 2011, which curtailed his ability to fund a Chapter 13 plan.  He also informed that he had been offered employment with Caribbean Temporary Services and consequently he requested a 30 day extension to propose another post confirmation modification to the plan, cure the defaulted amounts with family help or request conversion to Chapter 7.  On August 16, 2011, the court granted Debtor a final extension of 30 days to answer the Trustee's *Motion to Dismiss* (Docket No. 44).  On August 18, 2011, the Trustee filed a *Report Regarding the Status of Chapter 13 Plan Payments* (Docket No. 45) informing that Debtor was in default in the amount of $1,199.72.  On September 15, 2011, Debtor filed a *Motion in Compliance with Order* (Docket No. 48)[1] and a *Motion to Submit Post-Confirmation Modification to Ch. 13 Plan* (Docket No. 47) to cure the defaulted payments by rearranging the payment schedule in response to the Trustee's latest *Motion to Dismiss* (Docket No. 42).  He averred that he had been unable to fund the plan because he was temporarily unemployed but sustained that said situation had been surmounted and that he was current in his payments to the Trustee.  On September 22, 2011, the Trustee filed an *Unfavorable Report on Proposed Post Confirmation Plan Modification* (Docket No. 49) indicating that the latest proposed amended plan could not be confirmed because it is insufficiently funded inasmuch as it fails to pay the General Unsecured Pool determined by the means test provided in Section 1325(b)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 1325(b)(1)(B), and hence

---

[1] In ¶ 1 of his *Motion in Compliance with Order* (Docket No. 48), Debtor mistakenly states that "the court ... granted [him] 30 days to cure all arrears with payments to the Chapter 13 Trustee by order entered on August 16, 2011" citing Docket No. 44.  Notwithstanding, the court notes that the referenced Order dated August 16, 2011 (Docket No. 44) merely granted Debtor a "final extension of thirty (30) days to answer [the] Trustee's motion to dismiss".

objected to the confirmation of the same. On October 24, 2011, Debtor filed his *Reply to [the] Trustee's Unfavorable Report on Confirmation* (Docket No. 50) contending that the provisions of Section 1325(b) do not constitute a requirement for confirmation and that the latest proposed amended plan represents Debtor's best efforts to pay creditors according to his immediate means and under his present circumstances. On November 8, 2011, the court granted the Trustee 21 days to file an opposition to Debtor's *Reply* to the unfavorable report (Docket No. 51). The Trustee requested 7 additional days to do so (Docket No. 53), which the court granted (Docket No. 54). On December 5, 2011, the Trustee filed a *Report Regarding the Status of Chapter 13 Plan Payments* (Docket No. 56) informing that Debtor was in default in the amount of $2,399.72. Also on December 5, 2011, the Trustee filed an *Opposition to Debtor's Reply to Trustee's Unfavorable Report on Confirmation* (Docket No. 57) arguing that Debtor had presented no evidence of his unemployment, which constitutes failure to demonstrate that he is committing all his projected disposable income to the repayment of his creditors, and that he is unable to repay the general unsecured pool. He also averred that Section 1325(b) applies to post confirmation plan modifications citing Hamilton v. Lanning, 130 S. Ct. 2464, 177, L. Ed. 2d. 23, Bankr. L. Rep. (CCH) P 81780 (2010), where the Supreme Court adopted a "forward looking" approach to the projected disposable income test that permits the court to take into account a debtor's changed financial circumstances. He further suggests that, if the projected disposable income test applies at the time of a proposed post confirmation modification, the court may take into account the Debtor's current financial circumstances when applying it. Based on the foregoing, the Trustee concludes that since Debtor had not submitted any evidence of his alleged period of unemployment nor had he been making payments to the Trustee under the proposed post confirmation amended plan, he has failed to put this court in a position to consider the changes of his financial circumstances which are necessary to determine if the proposed post confirmation modification plan actually constitutes Debtor's "best efforts". No further reply was filed by Debtor.

Applicable Law & Analysis

Section 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert … or may dismiss a case under Chapter [13], whichever is in the best interests of the creditors and the estate, for cause …"

11 U.S.C. § 1307(c). For Chapter 13 cases, Section 1307(c) specifically enumerates ten non-exhaustive circumstances in which a court may dismiss a case of convert it to Chapter 7. See Ekeke v. United States, 133 B.R. 450, 452 (S.D. Il. 1991) ("The listed 'causes' are not exhaustive, nor is the court limited to the listed 'causes'".) The language in Section 1307(c) parallels the language contained in Section 1112(b), which governs dismissal and conversion in Chapter 11 cases. See In re Ferri, 2010 Bankr. LEXIS 1178 at *9, 2010 WL 141817 at * 3 (Bankr. D.N.M. 2010). Like Section 1112(b)(1), Section 1307(c) also requires "notice and a hearing" prior to dismissal or conversion. The phrase "notice and a hearing" is defined as "after such notice is appropriate *in the particular circumstances*, and such opportunity for a hearing is appropriate *in the particular circumstances*" (emphasis added). 11 U.S.C. § 102(A). But a hearing is not necessarily mandatory when the essential facts are admitted or acknowledged. See Yehyd-Monosson USA, Inc. v. Fokkena (In re Yehyd-Monosson USA, Inc.), 458 B.R. 750, 756 (8th Cir. 2011) (no evidentiary hearing was required under 11 U.S.C. § 1112 when the Court's decision is supported in a Debtor's admission of a fact); In re De Jounghe, 334 B.R. 760, 766 (B.A.P. 1st Cir. 2005) ("a full evidentiary [hearing] is not required, so long as the parties had a fair opportunity to offer relevant facts and arguments to the court and to confront their adversaries' submissions"); In re C-TC 9th Ave. Partnership, 113 F. 3d 1304, 1312 (2nd Cir. 1997) (an evidentiary hearing was not necessary when "the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause …"); In re Portela, 2011 Bankr. LEXIS 4103 at *17, 2011 WL 5041505 at *6 (Bankr. D.P.R. 2011) ("[d]ue to Debtor's own admission, no evidentiary hearing is necessary...").

Both 11 U.S.C. § 1307(c) and 11 U.S.C. § 1112(b) establish a two-step process for considering the question of conversion or dismissal. See In re Nelson, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006) (Sections 1307(c) and 1112(b) "establish a two-step analysis for dealing with questions of conversion and dismissal": (a) cause must be established, and (b) "a choice must be made between conversion and dismissal based on the 'best interest of creditors and the estate.'"). The choice of one remedy over the other is to be made upon consideration of the best interests of creditors and the estate. See 11 U.S.C. § 1307(c) and In re Jensen, 425 B.R. 105, 109-111 (Bankr. S.D.N.Y. 2010). "The interests of the debtor are not paramount. Generally, a case should be converted rather than

dismissed when there are assets available for distribution to creditors." William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 148:1 (2012).

Among the enumerated causes for dismissal or conversion provided in Section 1307(c) are "unreasonable delay by the debtor that is prejudicial to creditors" and "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(1) & (6). Delinquency in plan payments constitutes cause for dismissal. In re Wilson, 117 B.R. 714 (Bankr. M.D.Fla.1990) (where a debtor is delinquent on making payments to the plan and the plan cannot be confirmed, dismissal is appropriate). "To hold otherwise would be to impose delay on creditors contrary to § 1307(c)(1)". In re Schafer, 2009 WL 2913439 at *2 (E.D.Pa. 2009). A bankruptcy court has considerable discretion in determining whether "cause" exists and whether dismissal is the appropriate remedy. Id. at *2; In re Orawsky, 387 B.R. 128, 137 (Bankr.E.D.Pa. 2008); In re Henry, 368 B.R. 696, 699 (N.D.Ill.2007).

Debtor in the instant case does not dispute that he was in default and rather acknowledged his failure to make the payments to the Trustee. See Docket Nos. 43 [¶¶ 1-2], 45 [¶1], 56. In doing so, he offered unsubstantiated explanations as to why he was unable to meet the obligations of his Chapter 13 plan. See Docket No. 43, ¶¶ 1-2 ("Debtor became unemployed ... and his ability to fund a Chapter 13 plan has been inevitably curtailed"). Such explanations, however, are devoid of any supporting evidence whatsoever. Thus, because there is no dispute --or even an attempt to dispute-- that Debtor was deficient with respect to his monthly payments, no evidentiary hearing is warranted in this case.

Only individuals with sufficiently stable regular income can be debtors under Chapter 13. See 11 U.S.C. §§ 101(30) & 109(e). "By its terms Section 101(30) requires that an individual have a sufficiently stable income such that they are able to 'make payments' under the Chapter 13 plan in order to qualify as a debtor." In re Lindholm, 2005 U.S. Dist. LEXIS 46488 at *4, 2005 WL 2218990 at * 1 (W.D.Mi. 2005), as cited in In re Ellis, 388 B.R. 456, 460 (D.Ma. 2008). "Section 101(30) thus contemplates that Chapter 13 debtors will have disposable income from which to make plan payments." Pellegrino v. Boyajian (In re Pellegrino), 423 B.R. 586, 586 (B.A.P. 1st Cir. 2010). Section 1307(c)(6) preserves the statutory limitations on those who may be debtors under Chapter

13 by providing a mechanism for the involuntary dismissal of Chapter 13 cases when the debtor cannot satisfy the obligations of the confirmed Chapter 13 plan. "A debtor cannot simply stop making plan payments and continue in a Chapter 13 case" because "failure to make plan payments constitutes a material default within the meaning of 11 U.S.C. § 1307(c)(6)". In re Harris, 2006 WL 572001 at *3 (E.D. Tenn. 2006) citing In re Sandro 30 B.R. 474 (E.D.Pa. 1983).

Undoubtedly, the travel of this case shows that Debtor has recursively defaulted his payments and has been afforded several opportunities to cure his defaults to no avail. While the Court is sympathetic to Debtor's difficulty in securing regular employment, assuming in arguendo its veracity --since no evidence to that effect was proffered or filed-- the hardship does not alter the undisputed fact that he has been and still is in material default, which is cause for dismissal. Moreover, in regards to Debtor's proposition to cure the defaults with family help, the income requirement cannot be satisfied "by mere allegations that there is an income potential which is contingent upon developments that appear unlikely". In re Jones, 174 B.R. 8, 13 (Bankr. D.N.H. 1994). Since there are no assets available for distribution to creditors, the court finds that it is in their best interest to dismiss the instant case rather than convert it. See William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 148:1 (2012).

Conclusion

In view of the foregoing, the court finds that there is sufficient cause to dismiss this case pursuant to 11 U.S.C. §1307(c)(1) and (6), and there being no unusual circumstances, the Trustee's Motion to Dismiss is hereby granted and the case is hereby dismissed.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 26th day of March, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge